In the Matter of Honorable James D. **JENKINS, Judge of the Eighth Judicial District.**

No. 93–787.

Supreme Court of Iowa.

July 21, 1993.

Bonnie J. Campbell, Atty. Gen., and Richard Williams, Asst. Atty. Gen., for the Commission.

John N. Moreland, Ottumwa, for James D. Jenkins, Judge.

HARRIS, Justice.

The decision of the judicial qualifications commission concerning district judge James D. Jenkins was filed with this court May 24, 1993, and an inquiry was thereafter set for submission on July 13, 1993. The commission charged Judge Jenkins with ten separate instances of judicial actions, the cumulative effect of which was said to amount to misconduct. There is no dispute about the facts; the stipulated record consists of ten documents summarized by the commission as follows:

> Any one of the instant charges, alone, might not warrant more than a private admonition. Here, however, there has been a course of conduct spanning a time period of 1979 to 1992, involving matters for which Judge Jenkins has twice been admonished by the Iowa Supreme Court (*State v. Kempf* [282 N.W.2d 704 (Iowa 1979)] and *Reed v. Chrysler Corp.* [494 N.W.2d 224 (Iowa 1992)]) and once actually reversed (*Cummings v. Shafer*) for contravening the judicial canons by intemperate behavior. The judge has also engaged in what the commission feels is a series of inappropriate and unnecessary characterizations of persons appearing before him, a prime example being the witness described (*State v. Garr*) as a "beer-bellied, full-bearded, unemployed,

seedy, coverall-clad lout." Litigants, witnesses, judges and lawyers are all entitled to better and more temperate treatment than appears to have been afforded by the judge. Yet, by his answer and explanation at the hearing, he has failed to appreciate or understand that his conduct was offensive or violated the canons. For these reasons, the commission believes more than a private admonition is warranted.

> While empathizing with the taxing demands made upon a judge, the commission found that the judge's conduct violated the following canons of the Iowa code of judicial conduct:

> Canon 2. A judge should avoid impropriety and the appearance of impropriety in all activities.

> A. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

> Canon 3. A judge should perform the duties of office impartially and diligently.

> A. Adjudicative responsibilities.

> (3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. . . .

On May 27, 1993, Judge Jenkins and the office of the attorney general, as prosecutor, jointly requested the court to suspend the briefing schedule and consider disposing of the proceeding by imposing the reprimand recommended by the commission. The court then directed Judge Jenkins, by appropriate filing, to personally state why the recommended reprimand would be appropriate.

Judge Jenkins' statement has now been filed and it, together with the entire record, has been reviewed and considered by the court acting en banc. The joint request to suspend the briefing schedule was granted by prior order. Because Judge Jenkins' statement equivocates regarding acknowledgment of the nature of the challenged conduct, we deem it appropriate and neces-

sary to state why a reprimand should be imposed.

The people who come to court, litigants, witnesses, jurors, even lawyers, cannot select the judge who is to preside over them. Although circumstances may on occasion demand sternness, a judge should strive to be kind. The authority exercised by a judge is so great as to easily break ordinary people who are rendered comparatively helpless in their relationship with a court. Such authority should not be entrusted to those who, either deliberately or through thoughtlessness, offend the ordinary sensibilities of citizens. This is true with regard to a judge's conduct throughout a trial, whether in the courtroom or in chambers. Nowhere is it more true than in the words chosen by a judge in a decision or decree that becomes a permanent public record. Flamboyance in decorum and attempts at clever ridicule are not admired characteristics in a jurist.

Judge Jenkins suggests that the instances involved here were either taken out of context or were necessary to adequately inform us or the court of appeals of his feelings on the credibility of certain witnesses. We however agree with the commission in rejecting these offered justifications. In or out of context, there is no excuse for irrelevant, degrading personal characterizations such as, for example, the one quoted above.

We have often said we give great weight in our de novo review to the trial court's conclusions regarding the credibility of witnesses. *See* Iowa R.App.P. 14(f)(7) ("In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the trial court, but is not bound by them."). Objective observations explained by a trial court are helpful in the review process. Clearly, the ones here do not qualify. They were in fact wholly unnecessary and, at best, recklessly thoughtless in the unnecessary insults they leveled on the persons involved. They were injudicious and at variance with the canons cited by the commission.

We also agree with the commission's observation that perhaps none of the inci-

dents, standing alone, would require a reprimand. Few veteran judges, perhaps no veteran judges, can claim no regrets for unfortunate words officially spoken or written from time to time. The commission was correctly prompted to its recommendation by the pattern of the instances.

It having been deemed appropriate, Judge James D. Jenkins is reprimanded as proposed by the commission.

**APPLICATION GRANTED AND DISCIPLINE ORDERED.**